# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

Theresa Prouty,

       Plaintiff,

v.

Ocwen Mortgage Servicing, Inc. and Ocwen Loan Servicing, LLC,

       Defendants.

_____

**COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ. AND JURY DEMAND**

_____

## INTRODUCTION

1. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

2. Toward this end, Congress found that:

   > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
   >
   > *Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

3. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." *Id*. at §§ 12-13. *See also*, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. Plaintiff Theresa Prouty, by Plaintiff's attorneys, brings this action to challenge the conduct of Ocwen Mortgage Servicing, Inc. ("OMS") and Ocwen Loan Servicing, LLC ("OLS") (collectively "Ocwen" or "Defendants"), with regard to attempts by Defendants to unconscionably and

abusively collect a debt allegedly owed by Plaintiff. Further, Plaintiff brings this action for damages and any other available legal or equitable remedies resulting from the actions of Defendants in their negligent and/or willful violations of the TCPA.

5. The statute of limitations is tolled due to the commencement of a class action based on the same or similar allegations in the matter of *Keith Snyder, on behalf of himself and all others similarly situated v. Ocwen Loan Servicing, LLC*, Case No. 1:14-cv-8461, filed against Defendant on October 27, 2014 in the Northern District of Illinois. *See America Pipe & Construction Co v. State of Utah*, 414 U.S. 538.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

10. This Court has federal question jurisdiction because this action arises out of Defendants' violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

11. Because Defendants conduct business within the State of Colorado, personal jurisdiction is established.

12. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within this judicial district.

## PARTIES

13. Plaintiff, at all times mentioned herein, was a resident of the City of Arvada, County of Jefferson, State of Colorado, where Plaintiff owned property for which Defendants serviced the mortgage. Plaintiff currently resides in Citronella, Alabama.

14. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 47 U.S.C. § 153 (39).

15. Defendant OMS has its principal place of business in Frederiksted, St. Croix in the U.S. Virgin Islands.

16. Defendant OMS is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

17. Defendant OLS has its principal place of business in the City of West Palm Beach, in the State of Florida.

18. Defendant OLS is, and at all times mentioned herein was, a limited liability company and a "person," as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

19. Between March 30, 2011 through November 3, 2015 Defendants called Plaintiff on Plaintiff's cellular telephone number ending in 0006 and 0442 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C.

§ 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

20. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. When Plaintiff would answer the calls from Defendants, there would often be a silence, sometimes with a click or a beep-tone, before an Ocwen representative would pick up and start speaking.

22. Sometimes, Plaintiff would receive calls from Defendants in which the caller was a recorded voice or message, rather than a live representative.

23. In total, Plaintiff has received at least 2,445 calls from Defendants on Plaintiff's cellular telephones.

24. For example, Plaintiff received at least one call every day, often more than one call each day, for nearly 30 days straight in the fall of 2015.

25. Defendants did not have consent for any of these calls, as Plaintiff did not provide either cellular telephone number to Defendants or their predecessors on any loan application.

26. In the course of receiving these calls, Plaintiff revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by phone.

27. Despite this request, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendants may have had prior to beginning its campaign of harassment by telephone.

28. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

29. The calls by Defendants to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.
30. These calls were made by Defendants or Defendants' agent, with Defendants' permission, knowledge, control, and for Defendants' benefit.
31. As a result, the telephone calls by Defendants, or its agent(s), violated 47 U.S.C. § 227(b)(1).
32. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.
33. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendants to stop calling Plaintiff's cellular phone, Defendants continued to harass Plaintiff with collection calls using an ATDS.
34. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.
35. The calls placed by Defendants to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendants' unwanted and intrusive calls. In doing so, Plaintiff missed important communications from friends and family.

## CAUSES OF ACTION

### COUNT I

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT II

### KNOWING AND/OR WILLFUL OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Each call after Plaintiff requested Defendants stop calling Plaintiff's cell phones constitutes a knowing and/or willful violation of the TCPA.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III
### NEGLIGENCE

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendants had a duty to use care to not infringe on Plaintiff's privacy rights when collecting on alleged debts and not calling Plaintiff hundreds of times to harass and/or abuse Plaintiff.

47. Defendants breached that duty by calling Plaintiff on Plaintiff's cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

48. Plaintiff was harmed and suffered injury as described above.

49. The negligence of Defendants was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

50. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights of Plaintiff. As such Plaintiff is

entitled to recover punitive damages from Defendants in addition to her special, compensatory, and general damages.

## COUNT IV

### NEGLIGENCE PER SE - TELEPHONE CONSUMER PROTECTION ACT

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
52. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.
53. Thus, Plaintiff is within the protective class which the TCPA is designed to protect.
54. As described above, Defendants breached their duty when they violated the TCPA.
55. Defendants' violation of the TCPA was a substantial and proximate factor in causing Plaintiff this harm and injury described above.
56. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiff or their family. As such Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

COUNT V

COLORADO CONSUMER CREDIT CODE

C.R.S. § 5-5-109

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Defendants, or their assignors and/or predecessors in interest, entered into a "consumer credit transaction" with Plaintiff, as that term is defined in C.R.S. § 5-1-301(11), for goods or services for a personal, family or household purpose.

59. Each of these calls made by Defendants was an attempt to collect on a consumer debt that arose from a consumer credit transaction with Plaintiff.

60. Defendants engaged in unconscionable conduct in collecting a debt by calling Plaintiff at frequent intervals and/or unusual hours.

61. Plaintiff received approximately 2,445, with at least one call every day for several days in a row. The primary purpose of these incessant calls was to harass Plaintiff.

62. As a result, Plaintiff has sustained actual damages as described above.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- A permanent injunction, restraining and enjoining Defendants from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227 or C.R.S. § 5-5-109;
- Actual, special general, compensatory, and punitive damages;
- Reasonable attorneys' fees and costs of suit pursuant to C.R.S. § 5-5-109; and
- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: May 4, 2017

Respectfully submitted,

By: /s/ Sarah T. McEahern
Sarah T. McEahern, Esq.
Joshua B. Swigart, Esq.
HYDE & SWIGART
1525 Josephine St.
Denver, CO 80206
Telephone: (303) 731-5493
FAX: (800) 635-6425
Email: sm@westcoastlitigation.com
        josh@westcoastlitigation.com

11

12

Abbas Kazerounian
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
FAX: (800) 520-5523
Email: ak@kazlg.com

*Attorneys for Theresa Prouty*